FILED
AUG 28 2009
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAROUD R. MUHAMMAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09 1643 |
| ) | |
| THE PRESIDENT OF THE ) | |
| CIA IN ILLINOIS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint.[1] The court will grant the application, and dismiss the complaint with prejudice.

Plaintiff alleges that the defendants, through confidential informants, have watched him with "the use of their secret CIA Agent observation goggles," and thus have the ability "to appear unseen [sic] in an actual spirit form up close and next to [him] . . . as if they were a rain cloud." Compl. at 1. He believes that these agents will kill him "if the court does not prevent them from secretly administering the cancer (l[e]ukemia) infectious diseases" and from "using their pills to form colonies of this bacteria to metamorphasize" on his person. *Id.* Further, plaintiff alleges that the defendants are responsible for "secretly administer[ing] cyanide poison, poison acetone

---

[1] Plaintiff submits seven separate complaints, each of which names the Governor of the CIA of Illinois, among others, as a defendant. The court has reviewed each complaint, and concludes that each alleges facts that are no less fanciful or delusional than the allegations summarized herein. The court consolidates these complaints for purposes of this Memorandum Opinion and will issue one dismissal order.

1

or anything else deadly . . . into the drink or meal[s]" plaintiff consumes. *Id.* at 2. In this action, plaintiff demands that the court order defendants' appearance "before a jury trial, [and] on that day just after the verdict, . . . that the clerk of the court issue [him] a total sum amount of 17.5 million centillion dollars in one lump sum." *Id.* at 2.

In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The court is mindful that complaints filed by *pro se* litigants are held to less stringentstandards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Having reviewed plaintiff's complaint, the court concludes that its factual contentions are fanciful, delusional, and wholly incredible. For this reason, the complaint is frivolous and must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

An Order consistent with this Memorandum Opinion is issued separately.

/s/ *[signature]*
United States District Judge

Date: 8/21/09